IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Noah R. Robinson, | ) | Civil Action No. 6:19-2831-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| J. Hutchinson, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Petitioner's petition for habeas relief pursuant to 28 U.S.C. § 2241 be dismissed without prejudice. (Dkt. No. 17.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses the petition without prejudice.

**I.    Background**

Petitioner Noah R. Robinson is an incarcerated person proceeding *pro se*. In 1991 in the Northern District of Illinois, Mr. Robinson was found guilty by a jury of various charges. *United States v. Robinson*, Cr. No. 1:89-908-31 (N.D. Ill.) Mr. Robinson appealed, and the Supreme Court remanded his case for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Robinson v. United States*, 531 U.S. 1135, 121 S. Ct. 1071 (2001) (mem.). Upon remand and in consideration of *Apprendi*, the Seventh Circuit reinstated Mr. Robinson's convictions in full. *See United States v. Green*, 6 F. App'x 377 (7th Cir. 2001) (reinstating the petitioner's convictions, finding any *Apprendi* error harmless), *cert. denied*, 534 U.S. 968 (2001). Following his conviction, Mr. Robinson has filed numerous habeas petitions attacking his convictions and sentence. *See generally United States v. Robinson*, Cr. No. 1:89-908-31 (N.D. Ill.). Since his conviction, the Seventh Circuit has instated a filing bar on Mr. Robinson. *See*

*United States v. Robinson*, C/A No. 98-2038, at doc. 1-3 (7th Cir. Feb. 17, 2006), *aff'd after motion* at doc. 20 (7th Cir. May 23, 2018). Nevertheless, Mr. Robinson has continued to file habeas actions attacking his sentence in other circuits.

II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

III. **Discussion**

The Court finds that the Magistrate Judge properly concluded that the § 2241 petition should be dismissed without prejudice because Mr. Robinson has filed a nearly identical suit which is currently pending in the Western District of Tennessee. *See Robinson v. Owens*, C/A No. 2:18-2621-SMH-tmp (W.D. Tenn.). Efficient judicial administration generally requires the federal courts to avoid duplicative federal litigation. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, a case pending in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Nexsen Pruet, LLC v. Westport Ins. Corp.*, No. 10-895-

JFA, 2010 WL 3169378, at *2 (D.S.C. 2010). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (citing *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). In the Tennessee petition, no order or findings of law have been completed. *Robinson v. Owens*, C/A No. 2:18-2621-SMH-tmp (W.D. Tenn.). The grounds upon which Mr. Robinson proceeds in his Tennessee petition are substantially the same as those here: Mr. Robinson seeks a writ of habeas corpus regarding the same conviction under nearly identical case law. In his filings objecting to the Magistrate Judge's R&R, Mr. Robinson does not deny that the petition he filed in Tennessee is substantially like the instant one. (Dkt. No. 24-4 at 6.) In the interest of judicial economy, the instant action should be dismissed.[1]

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 17) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the petition brought under 28 U.S.C. § 2241 (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 1⁴/ 2020
Charleston, South Carolina

---

[1] The Court does not reach the Magistrate Judge's second reason, and Mr. Robinson's objections thereto, for dismissing the instant petition, namely that Mr. Robinson cannot meet the savings clause test under 22 U.S.C. § 2255(e).